(Superior Court of Cincinnati—*General Term.*)

W. H. BLYMYER, D. W. BLYMYER AND J. S. BLYMYER *v.* A. B. MEADER TRUSTEE.

1. Findings of fact will not be disturbed in a court of error, unless manifestly against the weight of the evidence.
2. Error to afford ground for reversal must be prejudicial to the party complaining.
3. In a controversy as to the terms of a particular contract, it is not competent for the purpose of hearing what such terms are, to prove the terms of another contract made at some other time, between some of the parties to the contract in controversy.
4. The plaintiff, a trustee in insolvency of an insolvent corporation, brought an action against the defendants for amounts overpaid to them by the president, under a contract between said president and defendants. The defendants admitted that they had a contract with the president, but denied that its terms were as alleged in the petition, and alleged that they were as set out in their answer. After the corporation had passed into the hands of the trustee in insolvency, one of the defendants wrote a letter to such trustee, stating the terms of the contract.

*Held*, that such letter was not only admissible in evidence against the defendant who wrote it, but also against the other defendant.

(Decided April 9, 1895.)

---

SMITH, J.

This is a proceeding in error to reverse the judgment of this court in Special Term in confirming the report of the referee to whom the case had been referred. The pleadings, testimony and exhibits make such a voluminous record, and the arguments and briefs of counsel have been of such an elaborate and extended character, that it will be impossible to discuss in detail every error which is relied upon, nor do we think the necessities of the case call for any such discussion. We shall content ourselves, therefore, with a statement of the errors relied upon, and a brief statement of the reasons which to our minds are controlling in the disposition of the same.

A. B. Meader, as trustee in insolvency of The Blymyer Ice Machine Company, brought this action in the court below against the defendants to recover from them about $39,000, which it was claimed was paid to them by D. W. Blymyer in excess of what they were entitled to for commission upon the sale of the machines.

It appears from the evidence that The Blymyer Ice Machine Company was the successor of The Cincinnati Ice Machine Company, which company made an assignment for the benefit of its creditors in 1888 to D. W. Blymyer, one of the defendants in this action.

D. W. Blymyer, as assignee of The Cincinnati Ice Machine Company, by authority of the probate court, continued the business of that company from the fourteenth of July, 1888, to the fifth of September, 1890, when the assignment was raised, all the creditors and parties interested acquiescing.

VOL. 1—35*

After the assignment was raised The Cincinnati Ice Machine Company changed its name to The Blymyer Ice Machine Company. D. W. Blymyer was president and treasurer of The Blymyer Ice Machine Company from the fifth of September, 1890, to about June, 1891, when he resigned; and the company again, on the seventh of August, made an assignment for the benefit of creditors.

The business of said corporations was the manufacture, sale and erection of ice-making and refrigerating machines and appliances, and their sales were made principally in cities and towns in the Middle Southern and Western States, and generally to companies or organizations formed for the purpose of purchasing and operating the plants.

It appears that during the time that D. W. Blymyer, as assignee, carried on said business, and subsequently when he became president of the Blymyer Ice Machine company, he entered into an agreement with his brothers, W. H. Blymyer, J. S. Blymyer and himself, whereby machines were to be sold by them, and they were to receive for such sales ten per cent. commission on the amount of the contract price for which the machines were sold.

The plaintiff below, (Meader, trustee), contends that said commission was to be in full for all manner of expenses and charges connected with the sale and disposition of said machines, no additional costs or expenses to be charged by said defendants.

On the other hand, the defendants below, (the Blymyers), admitting that they sold largely under a contract which allowed them a commission of ten per cent. on sales, contend that such commission was to cover all expenses except that "sums paid by the company, or by the assignee, for extra services of outside persons in aid of securing contracts, should not be deducted from the commission, but that all such sums should be deducted from the amount of the gross sales before the computation of said ten per cent. commission."

The action grows out of this difference between the parties as to what items of expense in the sale of the machines should be deducted, and seeks to recover back from defendants the money taken by them from the company for items of expense, which, it is claimed, should have been borne by themselves.

The referee found that the terms of the contract were as plaintiff below claimed, and gave judgment against defendants below for the amount prayed for.

There is a sharp and irreconcilable conflict in the testimony upon this question as to what were the terms of this contract, but as the referee has found in favor of the plaintiff below (Meader, trustee), and the court, in Special Term, has confirmed that finding, we are not warranted in disturbing such judgment, inasmuch as it is impossible to say that it is manifestly against the weight of the testimony; and under the settled rule of this court unless we are able to so find, the judgment must stand.

In addition to this finding of fact as to the terms of the contract, plaintiff in error complains that the referee erred in his findings of fact: (1), as to certain freight charges; (2), as to charges growing out of the construction of certain foundations; (3), as to charges relating to certain boilers and furnaces; (4), as to the Corryville plant, and (5), as to the Evansville machine.

We have carefully examined the testimony, the report of the referee and the briefs of counsel touching the questions growing out of these findings, and in view of the rule previously referred to, we see no reason why a court of error should disturb these findings of fact.

As errors of law the plaintiff relies upon the following:

1. Error in admission of opinion evidence as to Corryville machine by witnesses who, it is claimed, are not experts.

2. Error in admitting freight bills.

3. Error in admitting oral testimony as to appraisement in Probate Court.

4. Error in rejecting testimony as to previous contracts.

5. Error in admitting the declarations of D. W. Blymyer as against his co-defendants.

As to the first three grounds of error, after having examined the evidence upon the subjects to which they relate, we are of the opinion that, even if the referee erred in admitting such testimony, yet in view of the other evidence upon the subjects, with reference to which this testimony was admitted, such errors are not reversible errors, because not prejudicial to the defendants.

The fourth ground of error, more particularly stated, is : "That the referee erred in refusing to permit one or more of the defendants below to testify, as witnesses, as to the terms and conditions of previous contracts made by the Cincinnati Ice Machine Company, with one or more of the defendants, for the purpose of throwing light upon the question as to the terms of the contract between D. W. Blymyer, as president, and D. W. Blymyre, as assignee, with W. H. Blymyer, J. S. Blymyer and himself."

It is a settled rule of law that you can not prove what the terms of a particular contract are by proving the terms of another contract, made at some other time, between the same parties, in regard to the same subject-matter. 1 Phillips on Evidence, 748 ; Stephens' Digest on Evidence, page 198, note 7. Such a circumstance is not, in contemplation of law, a surrounding circumstance which is permitted to go in evidence to prove the terms of a contract.

But, as in the case at bar, neither the parties nor the subject-matter of the contract sought to be proven were altogether the same as in the contract in the case at bar, the evidence was clearly inadmissible and was properly rejected.

The last ground of error, and the only one with which we have had any serious difficulty, relates to the admission of a letter of D. W. Blymyer, of December 24, 1891, written to Meader, trustee, after the contracts between the company and the defendants had terminated.

In this letter D. W. Blymyer stated the terms of the contract to be very much as plaintiff below contended they were, and as the letter was admitted in evidence not only against him, but also against the other two defendants, it is claimed that this is error prejudicial to such defendants.

It appears from the answer and cross petition in this case, that the relations between the defendants have not been entirely severed, and were not at the time said letter was written ; that while they were and are no longer employed to sell machines, there are still outstanding claims which they claim from the plaintiff under said contract, and for which they ask judgment against the plaintiff in this case, and that there were and are commissions which are not yet distributed among them. In other words, the business growing out of the percentages received for the sale of these machines, was, and is still unfinished and unsettled.

In view of these facts we incline strongly to think that there was such a joint relationship existing between them at the time this letter was written as would make the admission of one binding upon the other.

But aside from the question of a joint relationship existing between them, which would make the admission of one evidence against the others, we are entirely satisfied that in view of the purpose for which the letter was admitted, viz., to prove the terms of the contract, and in view of the

admissions of defendants in their answer and cross-petition, and throughout the entire trial, that there was but one contract, and whatever its terms were, as to one and the same, were its terms as to the other, it would be impossible to limit the admission of one of the defendants as to what the terms of the contract were to such defendant, and exclude it as to the others.

When the letter of D. W. Blymyer, stating the terms of the contract, was admitted as against him to prove its terms, the defendants necessarily became affected by such statements by force of the allegations in their answer, and their position in the case, that their contract was the same as that of D. W. Blymyer.

Had the defendants contended that there was no contract as to them, or that it was different from the contract of D. W. Blymyer, the evidence would not have been competent. But alleging that their contract was the same as his, any proper competent testimony as to what his contract was became also proof as to what their contract was.

We are all of the opinion that the action of the court in Special Term, in confirming the report of the referee, should be confirmed.

HUNT and SAYLER, JJ., concur.

*Wilby & Wald*, for plaintiffs in error.

*Thos. B. Paxton*, for defendant in error.